UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD JOSE DIAZ,

    Petitioner,

v.                                   Case No: 2:19-cv-419-FtM-29MRM
                                        Case No. 2:05-CR-30-FTM-29MRM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Cv. Doc. #1) filed on June 21, 2019. The United States' Response (Cv. Doc. #10) was filed on August 26, 2019. On October 7, 2019, petitioner filed a Motion to Supplement § 2255 (Cv. Doc. #15), to which the United States has not responded.

    Also before the Court is the United States' Motion to Compel Former Defense Counsel to Disclose Substance of Communications (Cv. Doc. #6), filed on July 2, 2019. Petitioner filed a Response (Cv. Doc. #12) in opposition on September 11, 2019.

**I.**

    Petitioner is serving a sentence based upon violations of his supervised release. Petitioner asserts his attorney rendered ineffective assistance of counsel at the final revocation hearing by failing to challenge the legality of the traffic stop and the

admissibility of the resulting evidence.  Petitioner also asserts his attorney failed to consult with him about an appeal and failed to file a direct appeal on his behalf.  In the motion to supplement, petitioner asserts that he should not have been sentenced based on Grade A violations in light of certain Supreme Court decisions which made that determination a matter for a jury, not the judge.

**II.**

In a Fourth Superseding Petition (Cr. Doc. #99), petitioner was charged with four violations of his supervised release, all occurring on March 23, 2017:  (1)  New criminal conduct consisting of battery on a law enforcement officer; (2) new criminal conduct consisting of fleeing to elude a law enforcement officer; (3) new criminal conduct consisting of aggravated assault on a law enforcement officer; and (4) new criminal conduct consisting of resisting an officer with violence.  At the final revocation hearing, petitioner admitted the first and second violations, and the Court heard testimony of Deputy Corey Edmond as to the third and fourth violations.  (Cr. Doc. #143.)  The Court determined that Violations One and Two were Grade B violations, while Violations Three and Four were Grade A violations.  (Id.)  The Court adjudicated petitioner guilty of all four violations, and sentenced him to twenty-four months imprisonment to run

concurrently with each other and consecutively with a state court conviction. (Cr. Doc. #142.) No direct appeal was filed.

**A. Failure to Challenge Legality of Traffic Stop**

Petitioner argues that his attorney should have challenged the legality of the traffic stop and the admissibility of the resulting conduct, which formed the bases for violations three and four. Failure to do so, petitioner asserts, constituted ineffective assistance of counsel.

**(1) Ineffective Assistance of Counsel - General Legal Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both *Strickland* prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d

1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. Hinton, 571 U.S. at 273 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90.

To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); see also Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); see also Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

**(2) Final Revocation Hearing Testimony**

At the final revocation hearing, Deputy Corey Edmond testified that on March 23, 2017, he was a deputy with the Lee County Sheriff's Office. (Cr. Doc. #146.) Deputy Edmond testified that he was a duly appointed law enforcement officer with the State of Florida and was engaged in the lawful performance of his official duties by assisting narcotics officers with an investigation. Deputy Edmond was wearing a full uniform and driving a marked patrol vehicle.

Sergeant Park, one of the narcotics officers, informed Deputy Edmond by radio that they were following a vehicle which had committed the traffic infraction of failure to maintain lane. Sgt. Park requested Deputy Edmond to pull the vehicle over for the infraction and to identify the driver. Deputy Edmond did not personally see the traffic violation being committed, but relied on information provided by Sgt. Park.

Deputy Edmond activated his emergency lights and caught up to the vehicle as it was making a U-turn at the dead end of a cul-de-sac. The vehicle stopped, and Deputy Edmond exited his vehicle, approached the driver's side, and made contact with the driver. As Deputy Edmond was approaching, he saw the driver, identified as petitioner Edward Diaz, crouch down then sit back up. Deputy Edmond told the driver why he had been stopped, then asked for his driver's license, registration and proof of

insurance. During the conversation Deputy Edmond noticed an unmarked orange pill bottle in the vehicle, and asked petitioner what was in the bottle. Petitioner shook the bottle and said "nothing." Deputy Edmond opened the door and told petitioner to step out of the car.

Petitioner paused, shook his head, turned the car back on, and put the vehicle into drive. Deputy Edmond tried unsuccessfully to wrestle petitioner out of the vehicle. Petitioner kept hitting the deputy as Deputy Edmond told him to get out of the vehicle. The vehicle began moving forward, dragging Deputy Edmond with it. Deputy Edmond hopped into the vehicle to avoid being dragged under it, as petitioner continued to punch him. Deputy Edmond lost his grip, and fell backwards out of the vehicle. The vehicle's tire was coming at Deputy Edmond as he lay on the ground, and would have crushed his head had Deputy Edmond not rolled away. Petitioner sped away driving the vehicle.

Deputy Edmond notified dispatch, then pursued petitioner in his marked patrol vehicle. After a high-speed chase petitioner's vehicle came to a stop when it rolled over. Petitioner got out of the vehicle and began to run away. Deputy Edmond tased petitioner and arrested him. (Cr. Doc. #146.)

### (3) Resolution of Ineffective Assistance Claim

Petitioner asserts that his attorney was constitutionally obligated to challenge the legality of the traffic stop and the

admissibility of the resulting evidence, but failed to do so. Applying the ineffective assistance of counsel standards summarized above, the Court finds there was no violation of petitioner's right to effective assistance of counsel.

Even if petitioner's attorney would have filed a motion to suppress, and even if the evidence was insufficient to justify a traffic stop under Whren v. United States, 517 U.S. 806, 810 (1996), petitioner has suffered no prejudice. The Fourth Amendment's exclusionary rule does not apply to supervised release revocation proceedings. United States v. Hill, 946 F.3d 1239, 1242 (11th Cir. 2020); United States v. Diallo, 711 F. App'x 507, 512 (11th Cir. 2017). Because petitioner has suffered no prejudice, he cannot establish ineffective assistance of counsel.

**B. Failure to File Direct Appeal**

Petitioner asserts that he wanted to appeal, but his attorney "did not advise the Defendant about the advantages or disadvantages of filing an appeal. Defense counsel made no reasonable effort to discover the defendants['] wishes." (Cv. Doc. #1, p. 8.) Somewhat inconsistently, petitioner also asserts that his attorney "fail[ed] to follow the defendants['] express instruction with respect to an appeal" (Id.) and that defendant "expressed a desire to appeal." (Cv. Doc. #1, p. 9.)

If petitioner explicitly requested that his attorney file a notice of appeal, the attorney was obligated to do so. Roe v.

Flores Ortega, 528 U.S. 470, 477-80 (2000). Prejudice is presumed when counsel's deficient performance deprives a defendant of an appeal he otherwise would have taken. Garza v. Idaho, --- U.S. ----, 139 S. Ct. 738, 744 (2019). Additionally, petitioner can establish ineffective assistance by showing that counsel failed to adequately consult with him about an appeal and that, had he received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal. Flores-Ortega, 528 U.S. at 478, 484, 486. "[A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal.". Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (citation omitted). Petitioner must show that counsel had a "constitutionally-imposed duty to consult with the defendant," Flores-Ortega, 528 U.S. at 480, which occurs when (1) a rational defendant would want to appeal; or (2) the particular defendant reasonably demonstrated an interest in appealing. Thompson, 504 F.3d at 1207. The court must take into account all the information counsel knew or should have known. Flores-Ortega, 528 U.S. at 480. While there is no "bright-line rule" that counsel must always consult with a defendant regarding an appeal, the Supreme Court

has recognized that counsel will have a duty to consult "in the vast majority of cases." Id. at 480 & 481.

Petitioner's allegations are sufficient to justify an evidentiary hearing, as the government concedes. See Rules Governing § 2255 Cases in the United States District Courts, Rule 8(a). The Court will appoint counsel for the hearing. Id., 8(b), (c). As petitioner was represented by the Federal Public Defender's Office for the revocation, the Court will appoint the next available attorney from the CJA Panel.

**C. Government's Motion to Compel**

The government has filed a Motion to Compel Former Defense Counsel to Disclose Substance of Communications (Cv. Doc. #6) so that it may adequately respond to the ineffective assistance of counsel issues. The government asks the Court to order petitioner's former counsel to provide an affidavit of conversations and other information with petitioner concerning the matters petitioner raised in his § 2255 motion. The only matter which remains outstanding is the issues involving a direct appeal after the final revocation hearing.

It is clear that a defendant who files a motion claiming his attorney provided ineffective assistance of counsel has waived his attorney-client privilege as to matters relevant to the motion. A party "waives its attorney-client privilege when it injects into [ ] litigation an issue that requires testimony from its attorneys

or testimony concerning the reasonableness of its attorneys' conduct." GAB Bus. Servs., Inc. v. Syndicate, 627, 809 F.2d 755, 762 (11th Cir. 1987). See also Johnson v. Ala., 256 F.3d 1156, 1178 (11th Cir. 2001); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) ("The [attorney-client] privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.")

Here, petitioner has waived his attorney-client privilege as to all matters relevant to whether his attorney consulted with him regarding filing an appeal and to petitioner's decision and instructions regarding such an appeal. Former counsel may not assert the attorney-client privilege as to such matters, and will be compelled to testify at the evidentiary hearing. The Court also directs former counsel to provide a copy of any and all documents relating to such issues to government counsel and to counsel to be appointed for petitioner. The Court declines to compel former counsel to provide an affidavit. Additionally, while former counsel may not assert attorney-client privilege in any interview with the government concerning petitioner's motion, former counsel, like all witnesses, need not submit to a pre-hearing interview. United States v. Dryden, 423 F.2d 1175, 1177

(5th Cir. 1970) ("A witness may refuse to be interviewed or dictate the circumstances under which he will submit to an interview. Byrnes v. United States, 327 F.2d 825 (9th Cir. 1964)").

**D. Motion to Supplement**

Petitioner seeks to supplement his §2255 motion to add a claim that he should not have been sentenced based upon Grade A violations without a jury trial. The Court will allow the issue to be added to the § 2255 motion, but denies it on the merits.

The Eleventh Circuit recently described how the grade of the violation impacts the determination of the Sentencing Guidelines range:

> The advisory sentencing range for violation of supervised release is determined based on the grade of the violation as set out in a policy statement to the Sentencing Guidelines. U.S.S.G. § 7B1.1. A Grade A violation of supervised release is any conduct constituting either: "(A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that" (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves the "possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a)"; or "(B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years." U.S.S.G. § 7B1.1(a)(1). A Grade B violation is "any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2). A Grade C violation is "a federal, state, or local offense punishable by a term of imprisonment of one year or less, or ... a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). If there is more than one violation of the conditions

of supervised release, the grade of the defendant's violation is determined by the violation with the highest grade. U.S.S.G. § 7B1.1(b). The commentary to U.S.S.G. § 7B1.1 provides that the grade of the violation "does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1, comment. (n.1).1

United States v. Cade, ___ F. App'x ___, 18-12123, 2019 WL 6170790, at *2 (11th Cir. Nov. 20, 2019). The determination of the grade of an offense is a matter for the judge. The Eleventh Circuit has recently addressed both the concept raised by petitioner based on prior decisions and the recent decision of United States v. Haymond, 139 S. Ct. 2369 (2019):

> In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. 2348. Similarly, in Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), the Supreme Court held that any fact that "aggravates the legally prescribed range of allowable sentences" for a crime is an "element" that must be submitted to a jury. Alleyne, 570 U.S. at 115-16, 133 S. Ct. 2151. But the Supreme Court and this Court both have held that, although supervised-release violations often lead to reimprisonment, the violative conduct need only be found by a judge under the preponderance of the evidence standard, and not by a jury beyond a reasonable doubt. Johnson v. United States, 529 U.S. 694, 700, 120 S. Ct. 1795, 146 L.Ed.2d 727 (2000); United States v. Cunningham, 607 F.3d 1264,

> 1268 (11th Cir. 2010) ("[W]e hold [that] § 3583(e)(3) does not violate the Fifth or Sixth Amendments because the violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing."). We are bound by this precedent. See United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003) (explaining that a prior panel precedent binds subsequent panels unless or until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court).

United States v. Horne, 789 F. App'x 139, 142–43 (11th Cir. 2019). Accordingly, the Court finds there was no violation of the various Supreme Court cases when the Court determined the grade of the violations.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is **DENIED** as to the alleged ineffective assistance of counsel for failing to raise Fourth Amendment challenges.

2. Petitioner's Motion is **TAKEN UNDER ADVISEMENT** as to the failure to consult or take a direct appeal after the final revocation.

3. Petitioner's Motion to Supplement (Cv. Doc. #15) is **GRANTED** to the extent that the Court considered the issue, and the issue is **DENIED** on the merits. Judgment is withheld

pending the resolution of the remaining issue taken under advisement.

4. The Clerk of the Court is directed to appoint the next available attorney on the CJA Panel who qualifies under 18 U.S.C. § 3006A to represent petitioner in this matter, and to add counsel on the docket.

5. The Motion to Compel Former Defense Counsel to Disclose Substance of Communications (Cv. Doc. #6) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

6. The evidentiary hearing will be scheduled by separate notice before the undersigned.

7. The United States Attorney's Office shall take appropriate steps to obtain petitioner's presence in the Fort Myers Division forthwith.

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of March, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
FPD
AUSA